By the Court.—Curtis, Ch. J.
—The defendants are sued as the makers of a promissory note, dated June 21, 1875, indorsed, by Isaac Taylor, and payable four months from date. • The defense is that the defendants were accommodation makers, no consideration passing between them and the indorser, or between him and the plaintiffs, and fraud.
The plaintiffs produced testimony on the trial, to the effect that for the note in suit they surrendered two past-due notes of Isaac Taylor, of $1,500 each. These two notes were not surrendered' until after the receipt by plaintiffs of the note in suit, which fell due October 23, 1875, and it is not shown when they were surrendered. The only witness on this subject testifies, that he cannot swear positively that they were surrendered before October 23, 1875, and that he does not positively know. Subsequently in his testimony he says he “will” swear that he delivered the two notes before the maturity of the note in suit; after that, he testifies he cannot fix any real date, and would not swear to it. The testimony of this witness is substantially that the plaintiffs surrendered the two notes that are claimed to have been the consideration parted with for the note in suit, previous to the maturity of the latter, but that he cannot specify the exact date.
The plaintiffs cite the case of Fenby v. Pritchard, 2 Sandf. 151, to sustain their position, but I find this case is overruled by the court of appeals in Barnard v. *261 Campbell, 58 N. Y. 73, where it is mentioned in the opinion, by Allen, J., as “so at war with principles recognized as well settled by this court in analogous cases, that it cannot be regarded as well decided.”
•As the uncontradicted testimony shows that the plaintiffs surrendered or parted with the two Taylor ‘notes before the maturity of the note in suit, the plaintiffs are not to be regarded as holders of the note subject to the equities between the defendants and Taylor. Consequently the defendants were not prejudiced by the refusal of the court to allow them to show what those equities were.
The judgment appealed from should be affirmed with costs. •
Sanfóbd and Freedman, JJ., concurred.